FREDERICK ERVIN v. PATRICK J. BURKE AND ROBERT
HARDING.

Submitted March 21, 1912—Decided June 18, 1912.

A conductor of a street railway car may lawfully eject a passenger
who refuses to pay his fare; the fact that the passenger was a
city policeman whom the company under a city ordinance was
required to carry free of charge did not justify him in arresting
the conductor for putting him off the car.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and SWAYZE.

For the demurrant, Frank Bergen.

For the defendant, Charles C. Hommann.

The opinion of the court was delivered by

GARRISON, J.   The declaration avers that the plaintiff
while engaged in his duty as a conductor of a street railway car
was assaulted by the defendants, Burke and Harding, dragged
from his car and imprisoned.   A special plea filed by the de-
fendant Harding alleges that he was at the time of the alleged
assault a city policeman on duty and while lawfully riding on
the car in question was forcibly ejected for refusal to pay the
five cents fare demanded of him by the plaintiff and that he
thereupon took the plaintiff into custody in order to convey
him before the city recorder.   To this plea the plaintiff has
demurred.

Upon the facts of the declaration that are uncontradicted
and those of the plea that are admitted the question presented
by this demurrer is whether a conductor of a street car may
lawfully be arrested without a warrant for the ejectment of a

passenger, who was in fact a policeman, for refusal to pay his fare.

We think not.

Assuming that the defendant by force of certain city ordinances under which the street railway company had constructed its line was entitled to free transportation, and that he has an action against such company based upon the breach of such contract or duty, whichever it may be, that circumstance did not render his ejectment for refusal to pay a fare an unlawful act of the conductor.

Controversies of this nature are not to be settled in a wrangle between a passenger and the conductor over the payment of a fare, nor is the latter the agent selected by the company to determine its legal rights and duties or to represent it in controversies in which they come in question. The matter is set entirely at rest by the decision of the Court of Errors and Appeals in the case of *Shelton* v. *Erie Railroad Co.*, 44 *Vroom* 558, where speaking of the agency of the conductor in this respect it was said, "it is all comprised in his duty to collect a fare from every passenger or to eject him from the train." As between the plaintiff and the defendant the plaintiff was in the right in ejecting the defendant, and the defendant, for anything set up in his plea, was in the wrong in arresting the plaintiff. We do not dwell upon the fact that the defendant was not in uniform or did not tell the conductor that he was a policeman or that he was on duty, deeming these circumstances to be unimportant in view of the broad rule as to the carriage of passengers laid down by the case cited. The right of a policeman to arrest without warrant for a breach of the peace committed in his presence has, of course, no rational application to a case where the policeman himself provoked the breach and was in the wrong and the man he arrested was in the right.

Judgment on demurrer is given for the plaintiff.